IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

February 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| HOMEBOUND MEDICAL CARE OF | ) | HAMILTON CHANCERY |
| SOUTHEAST TENNESSEE, INC., | ) | C. A. NO. 03A01-9707-CH-00303 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. HOWELL N. PEOPLES |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| HOSPITAL STAFFING SERVICES OF | ) | AFFIRMED AND REMANDED |
| TENNESSEE, INC., EDWARD WARREN, | ) | |
| JEANINE WARREN, NANCY HYDE, ALL | ) | |
| CARE PROFESSIONAL SERVICES, AND | ) | |
| STELLA MESSER, | ) | |
| | ) | |
| Defendants-Appellees | ) | |

KYLE E. HEDRICK, Chattanooga, for Appellant.


GARY R. PATRICK, Patrick, Beard & Richardson, P.C., Chattanooga,
for appellees.

O P I N I O N

McMurray, J.

This is an action whereby the plaintiff seeks to enforce a covenant not to compete in an employment agreement between the defendant, Warren, and the plaintiff. The defendants moved for summary judgment. The motion did not set out any grounds for relief but simply stated that defendants "file this motion for Summary Judgment, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure" and referred the court to grounds stated in their brief in support of the motion. The brief is not included in the record. Apparently, the parties did not make a designation of record and the Clerk of the court correctly omitted the brief pursuant to Rule 24, Tennessee Rules of Appellate Procedure.

From the trial court's memorandum opinion and the appellate briefs, it appears that the motion for summary judgment was based upon the proposition that the term of the covenant not to compete had expired. The appellant's issue is framed as follows:

When does Warren's covenant not to compete begin to run under the language of the parties' agreement?

Chancellor Peoples filed a well-crafted and scholarly memorandum opinion in which he determined that the non-competition

2

clause contained in the employment agreement between Warren and the plaintiff expired on December 31, 1991. We affirm the judgment of the trial court.

We have studied the memorandum opinion of the chancellor in light of the numerous exhibits and depositions filed on behalf of and in opposition to the motion for summary judgment. We have concluded that Chancellor Peoples' opinion is correct in all respects except as we hereinafter point out. We, therefore, feel it appropriate to adopt the memorandum opinion of the chancellor as the opinion of this court with the exceptions noted.

Chancellor Peoples' opinion, stated verbatim, is as follows:

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the Defendants' motion for Summary Judgment. Having considered the matter, the Court now renders the following Memorandum Opinion and Order.

I. Background

Defendant, Edward C. Warren ("Warren") worked for a number of years as the Vice President and Administrator of the Plaintiff, Home-Bound Medical Care of Southeast Tennessee, Inc. ("the Plaintiff"). During that time Warren entered into several employment agreements with the Plaintiff, the last of which was

3

executed on January 1, 1988. The terms of that agreement prohibited Warren from competing with the Plaintiff for three years following the date of his "separation" from employment. [Citations to record omitted.] In March of 1992, Warren, dissatisfied with his job, left the Plaintiff to become the Executive Vice-President of its parent company, HealthSphere. Warren was similarly disappointed with HealthSphere, and resigned his position there in 1993. As part of his search for a new job, Warren contacted Defendant All Care ("All Care"), a division of Hospital Staffing ("Hospital Staffing"). After meetings with several senior managers, Warren signed an employment agreement with Hospital Staffing and began working as the Manager of the Chattanooga All Care office in late December 1993 or early January 1994. The plaintiff subsequently filed the complaint in the instant case on January 10, 1994, alleging that Warren's employment with All Care violated the non-competition clause contained in the contract with him. The Plaintiff also sought damages from the Defendant for their allegedly inducing Warren to breach his covenant not to compete.[1] [Footnote in original]. Additionally, the plaintiff responded to the complaint by means of an answer and the Motion for Summary Judgment at issue in this opinion, claiming that the non-

---

[1]The plaintiff also sought injunctive relief prohibiting continuing violations of the non-compete agreement. Additionally the plaintiff sued Jeanine Warren, Nancy Hyde, and Stella Messer, former employees of the Plaintiff and current employees of All Care, alleging that they had breached their employment agreements with the Plaintiff and had wrongfully appropriated Plaintiff's proprietary information. The claim for injunctive relief was disposed of by an Agreed Order dated April 21, 1994, which also dismissed the claim against Jeanine Warren, Nancy Hyde, and Stella Messer.

4

competition agreement had expired, and any claim based thereon was unenforceable, and denying any slanderous statements were made.

## II. Standard of Review

Entry of summary judgment is appropriate when a court finds that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03. The party seeking summary judgment bears the burden of proving to the court that there are no disputed, material facts creating a genuine issue for trial. Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn.1993). In considering a motion for summary judgment, a court should take the strongest legitimate view of the evidence in favor of the non-moving party. Id., at 209. A court should avoid weighing evidence, however, as summary judgment is only appropriate when the resolution of the case depends solely upon the application of a legal principal and nothing is left to submit to the trier of fact. Id., at 214.

## III. Law and Analysis

The defendants' Motion for Summary Judgment is based upon the terms of the employment agreement between Warren and the Plaintiff, which provides in pertinent part:

> 1.3 Term: The term of this Agreement is one year. The parties may renew this Employment Agreement from time to time for periods of up to one year each, but in no event is the Agreement deemed to be automatically renewable and in each case, it requires the affirmative action of employer and employee.
>     ...
> 4.1 In the event that Employee becomes separated from employment of Employer for any reason, whether

5

> voluntary or involuntary, the Employee shall not for a period of three (3) years from the date of his separation from such employment ...
>
> ...
>
> (a) Compete with Employer in the Chattanooga Market.
>
> ...
>
> 4.6 The expiration, termination, or cancellation of this Agreement shall in no way invalidate or affect the Employee's covenant, obligations and liabilities set forth in this paragraph No. 4, <u>except to the extent that it may establish a date of separation</u>. [Emphasis ours].
>
> 4.7 As used herein, the word "separation" shall be broadly construed and shall include, without limitation, separation due to disability or retirement.

[Citations to record omitted]. This agreement was executed by both parties and became effective January 1, 1988. Although Warren continued to work for the Plaintiff through March 1992, he never executed another employment agreement, nor was any action renewing or extending the January 1st, 1988 agreement taken.

The terms described above are strikingly similar to those of an employment agreement considered by the Tennessee Court of Appeals in <u>B. & L. Corp. v. Thomas & Thorngren, Inc.</u>, 917 S.W.2d 674 (Tenn.Ct.App.1995). In that case, an employee signed an employment agreement and began work with his employer on July 8, 1982. <u>Id.</u>, at 677. Although the term of the agreement was only for one year and it was not renewed or extended by the parties, the employee continued to work for the employer until January 1994, when he accepted a position with a competing company. <u>Id.</u> The employer sued, claiming that the employee's new job violated a covenant in the July 8, 1982 contract which prohibited him from

6

competing with the employer for three years following the "termination" of his employment. Id. "Termination" was not defined in the employment agreement. The Tennessee Court of Appeals held that the non-competition agreement had expired on July 8, 1986, three years after the end of the contract term. Id., at 678. Thus, even though the employee continued to work for the employer for almost twelve years, the employment agreement expired under its own terms after one year, at which time the three year term for the covenant not to compete began to run. In explaining its decision, the court stated:

> [F]irst, non-competition contracts are construed favorably to the employee. Also, as the drafter of the Employment Agreement [the employer] must take responsibility for its allegedly ambiguous provisions. [The Employer] could have clearly stated that the three year covenant not to compete period began after [the employee's] departure from the company regardless of when he stopped working there. However, [it] did not and [is] thus faced with accepting the contract with its most evident meaning.

Id., at 678 (citations omitted).

The reasoning set forth in B & L Corp. is very persuasive, and is directly applicable to the instant case. By its own terms, the agreement between Warren and the Plaintiff only lasted for one year. It expired on December 31, 1988, even though Warren continued to work for the plaintiff until March of 1992. The non-competition clause specifically stated that it began to run after Warren's "separation from employment." The agreement further provided that "separation" from employment is to be broadly construed and a separation date may be determined by the expiration

7

of the agreement. Thus, under the clear and unambiguous terms of the contract, the non-competition period began to run when the contract terminated on December 31, 1988, and expired on December 31, 1991. The non-competition agreement was not in effect at the time Warren went to work for All Care, thereby rendering any breach of it impossible as a matter of law.

In addition to its suit against Warren for breach of contract, the Plaintiff sought damages from Defendants, All Care and Hospital Staffing for their alleged inducement of Warren's Breach. As stated above, the Court has found that no agreement between Warren and the Plaintiff was in effect at the time of his employment with All Care. Thus, because there was no contract, there could not have been any breach, and the Plaintiff's claim for inducement must fail.

### IV. Conclusion

In view of the foregoing, the Court is of the opinion that the non-competition agreement between Warren and the Plaintiff expired on December 31, 1991, well before Warren went to work for the Defendants All Care and Hospital Staffing. The plaintiff's claims for breach of covenant and inducement of that breach are not well-taken and must fail. Plaintiff offered no evidence to support its allegations of slander.

It is therefore **ORDERED** that the defendants' motion for summary judgment is **GRANTED.** The Plaintiff's complaint is therefore dismissed. ...

8

                    *     *     *     *


     We are persuaded that the result reached by Chancellor Peoples
is well supported by the record and by prevailing law.  We should
point out, however, that paragraph 4.6, in our estimation, is
ambiguous since there is no explanation in the contract of what the
parties meant by the phrase "except to the extent that it may
establish a date of separation."   Ambiguous provisions of a
covenant not to compete must be construed against the employer.
See Allright Auto Parks  v. Berry, 409 S.W.2d 361 (Tenn.1966), and
the cases cited therein.   The phrase is a permissive phrase and
does not require any action by either party.  When coupled with the
phrase "the word 'separation' shall be broadly construed" the only
apparent and reasonable construction is that the parties, or either
of them, have the option of using the expiration, termination, or
cancellation date as the date of separation for the purposes of
beginning the term of the covenant not to compete.  Therefore, we
concur with the finding of the trial court had expired before
Warren accepted other employment in competition with the plaintiff.
Accordingly, we likewise find that there is no genuine issue as to
any material fact and that the defendants are entitled to a
judgment as a matter of law.


     We should note that the appellees argue that "even if the
covenant not to compete did not expire on December 31, 1991,

                                9

appellant Home-Bound's main cause of action against appellees for intentional inducement to breach of contract would fail as a matter of law." The appellant correctly points out that this issue was not addressed by the trial court except in the context that the claim must fail because the contract had expired. We decline to address an issue based upon an argument which must assume that our opinion on a previous issue is erroneous.

The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, J.

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS OF TENNESSEE

FILED

February 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

HOMEBOUND MEDICAL CARE OF      )   HAMILTON CHANCERY
SOUTHEAST TENNESSEE, INC.,     )   C. A. NO. 03A01-9707-CH-00303
                               )
            Plaintiff-Appellant, )
                               )
                               )
                               )
                               )
vs.                            )
                               )
                               )
                               )
                               )
                               )
HOSPITAL STAFFING SERVICES OF  )
TENNESSEE, INC., EDWARD WARREN, )
JEANINE WARREN, NANCY HYDE, ALL )
CARE PROFESSIONAL SERVICES, AND )
STELLA MESSER,                 )
                               )   HONORABLE HOWELL N. PEOPLES,
            Defendants-Appellees. )   CHANCELLOR


CONCURRING OPINION


        I concur in the result reached by Chancellor Peoples
and the majority opinion.  I also agree with the majority's
conclusion -- which is different from that of the Chancellor's --
that paragraph 4.6 of the employment agreement of January 1,
1988, is ambiguous.  I agree with the majority opinion that the
agreement can be reasonably construed as set forth at page 8 of
that opinion; however, I disagree with the majority's statement
that its interpretation is "the only apparent and reasonable
construction."  This is because I agree with the appellant that
the subject language can be reasonably construed to mean that the

"ending" of the subject employment agreement does not "affect" the covenant not to compete unless that agreement ends, for whatever reason, at the same time that the defendant, Edward C. Warren, ceases to work for the company. I believe that the simultaneous occurrence of these two events is a reasonable interpretation of what is contemplated by the language -- "except to the extent that it [the 'expiration, termination, or cancellation of this Agreement'] may establish a date of separation." In other words, the termination of the subject employment agreement does not affect -- does not trigger the start of the non-competition period -- unless the employee leaves the company when the period of employment set forth in the agreement ends. It seems to me that the words "may establish a date of separation" can be reasonably construed to mean "may be the actual date Warren leaves the company's employment."

The appellant's construction of the subject language is also appealing because -- unlike the interpretation set forth in the majority opinion -- it avoids a construction that permits the running of the non-compete period during a time that the employee is still working for his employer. In the typical case, a non-compete restriction is intended to start when a person first ceases to be employed. While still employed, a non-compete provision is not necessary: an at-will employee is obligated to provide faithful service or face termination; and an employee for a definite term is required to be loyal to his or her employer or face termination for cause.

However, since I believe this non-compete provision can be reasonably interpreted in two different ways -- one favorable

12

to the employee as set forth in the majority opinion and one favorable to his former employer as set forth above -- I agree that we much adopt the one favorable to the employee in keeping with the teaching of *B & L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 678 (Tenn.App. 1995), the relevant holding of which is set forth in the majority opinion.

Accordingly, I concur in the result reached by the majority for the reasons set forth in this concurring opinion.

_____
Charles D. Susano, Jr., J.

13